IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40562
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY O'NEIL DAVIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CR-76-1
- - - - - - - - - -
August 20, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Randy O'Neil Davis appeals his guilty plea conviction and sentence for possession of crack cocaine with intent to distribute. Davis argues that the Government breached a promise as to the quantity of drugs or the length of Davis' sentence. Davis also challenges the amount of drugs attributable to him and the finding that he was a leader or organizer.

We have reviewed the record and the parties' briefs and AFFIRM the district court. Davis has failed to prove the underlying facts establishing a promise and breach by a preponderance of the

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence.  United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996).  Davis is responsible for the amount of drugs sold by codefendant Michael Issac because those sales were part of the same course of conduct or part of a common scheme or plan as the count of conviction.  United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993).  We note that Davis was not held accountable for any drugs sold by codefendant Christopher Levias.  Even if the district court erred in including the drugs found in Timothy Davis' possession, the error is harmless as Davis' base offense level would remain unchanged.  Finally, the district court did not clearly err in finding that Davis was an organizer or leader with respect to Issac and Levias given the evidence in the record that they both worked for Davis.  United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995).

AFFIRMED.